Citation Nr: 1331561 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 09-19 525 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to a certificate of eligibility for financial assistance for the purchase of an automobile and adaptive equipment or for adaptive equipment only.

2. Entitlement to a certificate of eligibility for assistance in acquiring specially adapted housing or a special home adaptation grant.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Appellant, his spouse and daughter

ATTORNEY FOR THE BOARD

James R. Siegel, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from April 1957 to July 1958. This matter comes to the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision of the Regional Office (RO). When this case was previously before the Board in November 2011, it was remanded for additional development of the record. 

In the November 2011 remand, the Board referred the claim for reimbursement for adaptations to the Agency of Original Jurisdiction (AOJ). It does not appear any action has been taken on this claim and it is again referred to the AOJ for appropriate action. 

This case was advanced on the Board's docket.


FINDING OF FACT

In September 2013, the Board received notice that the appellant died in August 2013.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this claim at this time. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2013); but see Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.1302 (2013).

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the veteran. 38 C.F.R. § 20.1106 (2013). 

The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, § 212, 122 Stat. 4145, 4151 (2008) (creating new 38 U.S.C. § 5121A, substitution in case of death of a claimant who dies on or after October 10, 2008). As provided for in this new provision, a person eligible for substitution will include "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." The Secretary will be issuing regulations governing the rules and procedures for substitution upon death. Until such regulations are issued, an eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA regional office (RO) from which the claim originated (listed on the first page of this decision). 






ORDER

The appeal is dismissed.


 
GEORGE R. SENYK
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs